Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| JERRY MADRID, | Case No. 2-19-bk-13015-MCW |
| and | **TRUSTEE'S RECOMMENDATION** |
| LAURA MADRID, | |
| Debtors. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Schedule I fails to disclose all required employment information on Part 1, for both Debtors. Schedule J includes allowances for childcare and education, but fails to include any dependents on Part 2. Both Schedules must be amended to include all required information. If no dependents reside with the Debtors, then Schedule J must be amended to delete the child care/education allowance, reduce the food allowance, and increase the Plan payment accordingly.

2. The proof of claim filed by Regional Acceptance, #4, is less than provided in the Plan. The Order Confirming Plan must provide for payment of $33,626.84. Interest and adequate protection are to be pai as provided in the Plan.

3. The priority portion of the proof of claim filed by the Internal Revenue Service, #5, is less than provided in the Plan. The Order Confirming Plan must provide for payment of $6,355.36.

4. Debtors are reminded that they are required to submit complete copies of 2019 federal and state income tax returns within 14 days of filing.

5. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

Case 2:19-bk-13015-MCW    Doc 18    Filed 01/03/20    Entered 01/03/20 15:02:43    Desc
Page 2 of 4

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 -2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

**Plan payment status**: The Debtors' interim payments of $1,010.00 each are current through due date December 10, 2019. Subsequent payments are due each following month. Debtors may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free!' and follow the instructions.

**Pursuant to Local Rule 2084-10(b), the Debtors must provide the following by February 3, 2020, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Item #1 above; and

(b) Pay to the Trustee the sum of $1,010.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtors must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

*R. Flinn*
Rachel Flinn
Russell Brown, Chapter 13
Trustee; 3838 N. Central Ave.,
Ste. 800, Phoenix, AZ 85012
2020.01.03 14:28:37 -07'00'

JERRY MADRID
LAURA MADRID
7611 SOUTH 36TH STREET
APT. 156
PHOENIX, AZ 85042

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028

*C Turner*
Cheryl Turner
2020.01.03 14:40:19 -07'00'

*cturner@ch13bk.com*

- 4 -